Mississippi Power & Light Co. *v.* Maulding.*

(Division B.    June 15, 1926.)

[108 So. 901.   No. 25666.)

1. STREET RAILROADS. *Plaintiff, in action for damages for discontinuing street car service, must introduce franchise in evidence (Hemingway's Code, section 6033).*

In a suit for damages against a public utility for discontinuing street car service on a named street, it is necessary for plaintiff to introduce the franchise in evidence so that the rights, duties, and liabilities may be determined therefrom.

2. STREET RAILROADS. *Measure of damages to property owner, for suspension of street car service is for loss and inconvenience during period of suspension.*

In such suit above indicated, where the city grants temporary authority to discontinue street car service during a named period and until the city shall direct the resumption of the service, the measure of damages, if any, is for the losses and inconvenience during the period of suspension to the property owner. The suspension not being a permanent suspension, it is error to instruct the jury that the measure of damages is the difference between the value of the property immediately before the discon-

tinuance and the value thereof without the service after its discontinuance.

*Corpus Juris-Cyc. References: Street Railroads, 36Cyc, p. 1467, n. 18.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

Action by W. H. Maulding against the Mississippi Power & Light Company for damages for discontinuing street car service. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*May, Saunders & McLaurin,* for appellant.

The peremptory instruction requested by defendant at the conclusion of plaintiff's testimony should have been granted for three reasons: (1) Because of the failure of plaintiff to introduce in evidence the franchise of The Mississippi Power & Light Company; (2) because plaintiff showed by his own testimony that the removal of the street railway tracks and the discontinuance of street railway service at the place complained of was authorized by the council of the city of Jackson; and (3) because there was no privity of contract between plaintiff and defendant which would entitle the plaintiff to bring suit for any supposed breach of a contract between defendant and the city of Jackson.

I. The franchise granted defendant by the city of Jackson was a contract between the company and the city. This was the decision in *Dartmouth College* v. *Woodward,* 4 L. Ed. 629, and has been followed by the several states of the Union, including Mississippi. See *Payne* v. *Baldwin,* 3 S. & M. 661; *Commercial Bank* v. *State,* 6 S. & M. 599; *R. R. Co.* v. *Harris,* 27 Miss. 617; *G. & S. I. R. R. Co.* v *Adams,* 90 Miss. 599, 45 So. 91.

The trial of the instant case then was to determine whether or not there had been either a breach of contract on account of which plaintiff might sue, or the

breach of some public duty which would entitle him to a right of action. In either event, a breach of contract or breach of public duty, it was necessary for the court to have before it the contract to determine whether or not there could have been a breach.

It was not shown in the trial of the case whether or not in the franchise granted to Grossman, to the rights and privileges of which defendant succeeded, the council reserved the right to amend the franchise at their pleasure. If such a provision be in the franchise, then there can be no doubt but that the ordinance, Exhibit A to plaintiff's testimony, was effective in authorizing defendant to discontinue street car service. The franchise was subject to reasonable amendment by the city. 2 McQuillin Municipal Corps., p. 1761, and cases there cited; *Pate* v. *Bank,* 116 Miss. 666, 77 So. 601.

This court will take judicial notice of an ordinance of a municipality. *Naul* v. *McComb City,* 70 Miss. 699, 12 So. 903; *Thomas* v. *State,* 101 Miss. 74, 77 So. 191; *Porter* v. *Waring,* 69 N. Y. 250; 7 Ency. of Ev., p. 1024.

II.   The ordinance passed by the council of the city of Jackson authorizing the discontinuance of this street car service is valid and effective and permitted defendant, under the law, to discontinue the service.

Section 6053, Hemingway's Code, does not restrict the power of the council to the extent of prohibiting an amendment to a franchise already granted. The amendment to the franchise authorizing the discontinuance of street car service is by ordinance and that is all that this section requires.

By section 6059, Hemingway's Code, the council of the city of Jackson had all the powers that were exercised by municipalities prior to the adoption of the "commission form of government" statutes. And, unless section 6053 prohibits the council from amending a franchise already granted, then the council of Jackson was authorized to pass and endorse the ordinance set out in

full in the statement of facts in this case. By no strained construction of section 6053, can it be said that the power to grant a franchise is prohibited or that the amendment must be submitted to a vote of the people. In plain terms it provides that the amendment must be made by ordinance and says nothing about the amendments being approved by the qualified electors of the municipality.

If the amendment violates the obligations of the franchise contract between the city and the utility, the utility could complain, provided the franchise did not reserve the right to make such amendments; but no outsider can complain on the ground that the act of the utility is a violation of a public duty. The duty the utility owes is governed by its franchise.

III. There was no privity of contract between plaintiff and defendant. In *Wilkinson* v. *Light Co.*, 78 Miss. 389, our court held that there was no privity of contract between Wilkinson and the Light Company entitling Wilkinson to sue because the company, in violation of its franchise contract with the city of Jackson, had failed to maintain sufficient water pressure in its pipes to throw a stream of water onto a burning house and extinguish the flames. If Wilkinson could not show a breach of public duty in a contract thus in evidence, surely the plaintiff in this case has failed in that regard because no contract was ever before the court by which even an inference could be drawn that defendant had breached a duty to plaintiff and the public.

*E. O. Sykes* and *E. W. Patrick,* for appellee.

This is a suit by an abutting property owner for damages to his property caused by the abandonment by the Street Car Company of that part of its line in the street in front of plaintiff's property. The damage sustained by the plaintiff by virtue of this abandonment is separate and distinct from the damage sustained by the general public. By virtue of the acceptance of the franchise

there arise certain duties owed to the public in general and also certain duties owed to the abutting property owner.

So far as the abutting property owners are concerned these rights and duties arise from the occupation of the street by the Light & Power Company for street car purposes. The use of the street for street car service has been well termed as an advantage in that it gives inexpensive and rapid transit, and is for the purpose of facilitating travel. 25 R. C. L., secs. 35 and 74 (Street Railways), pp. 1150-1200.

So far as these abutting property owners are concerned, it makes no difference to them how the street car line came into possession of the street. Whether it is rightfully or wrongfully in occupancy of the street makes no difference to the abutting property owner. When once it occupies this street, however, it owes the duty to this abutting owner to continue the street car service if its discontinuance will damage the value of his property. This is a private duty owed to the abutting property owner separate and distinct from any duty that it may owe the public arising from its franchise.

Therefore, in a suit of this character by an abutting property owner for the damage to his property caused by an abandonment of the street car line, it is necessary only for the plaintiff in his declaration to allege that the street was once served by the Street Car Company, its discontinuance and the damage thereby sustained by him.

If the defendant has any legal excuse for discontinuing the street car line, this excuse must be pleaded by a plea in confession and avoidance, which in this instance would be termed a special plea of justification, or, under our practice, notice of this special matter may be set up with a plea of the general issue. 31 Cyc., p. 128, sec. g.

If there was anything in this franchise to justify the discontinuance or abandonment of this line, then it devolved on the defendant either to plead it specially or to set up in his notice under the general issue.

The real issue here presented is whether or not this city ordinance is a legal justification. By section 6033, Hemingway's Code, the legislature took from the city council the power to grant or withhold franchises and vested it in the voters. The voters have the right to prescribe the terms and conditions, the streets upon which the car line may be established, and the routes and termini of the Street Car Company; any change in any of these virtually amounts to a new franchise. See *State of Nebraska* v. *Lincoln Street Ry. Co.*, 14 L. R. A. (N. S.) 336; *Baker* v. *Ry. Co.* (Colo.), 29 A. L. R. 1458; *State* v. *Ry. Co.*, 67 A. S. R. 739.

Counsel for appellant says there was no privity of contract between appellant and appellee and for this reason appellee has no cause of action. We are not suing on the contract, which is the franchise in this case, but we are suing for a breach of the duty which the appellant owed appellee when it abandoned the street car line in front of his property. An abutting property owner has certain rights which are separate and apart from the rights of the general public.

In the Wilkinson case cited by counsel, 78 Miss. 389, Wilkinson was relying on the contract between the city and the Light Company. In that case there were no rights and duties owing the appellant as there are in this case. In fact, the exact question presented to this case has not heretofore been decided. Our court, however, in a number of cases has recognized that abutting property owners have certain rights separate and distinct from those of the public generally. See *Lusby* v. *R. R. Co.*, 73 Miss. 364; *State* v. *R. R. Co.*, 86 Miss. 196; *Theobald* v. *R. R. Co.*, 66 Miss. 287-8.

In this state neither a municipality nor a county can close up a street or abandon a public road without paying the landowner damages which are measured by the depreciation in the market value of his property caused by such abandonment. We submit that this same rule of

law applies with equal force to the abandonment of a part of its street car line by a street-car company.

We submit that this appellant could not rightfully abandon this service without being liable to these damages. In this case, however, the appellant has wrongfully breached its duty. In either event it is liable for these damages, The following cases are especially in point and establish the above propositions with reference to municipalities and counties. *Morris* v. *Covington,* 118 Miss. 875; *City of Laurel* v. *Rowell,* 84 Miss. 435; *Jackson* v. *Monroe County,* 124 Miss. 264.

We submit that the circuit judge was correct in giving the peremptory instruction in favor of the plaintiff.

Argued orally by *A. J. McLaurin,* for appellant, and *E. O. Sykes,* for appellee.

Etheridge, J., delivered the opinion of the court.

The appellee was plaintiff in the court below and filed a suit against the appellant, a corporation, alleging that some years ago the city of Jackson, by vote of the electorate, as required by section 6033, Hemingway's Code, granted to M. H. Grossman and his associates certain rights, privileges, and franchises to operate within the city of Jackson street car lines and electric and gas plants; that under and by virtue of this ordinance and franchise it became the duty of the said Grossman and his vendees to maintain and operate a street car line on South State street and Rankin street; that said franchise was accepted and said line operated by the said Grossman on said streets; that subsequently this franchise was assigned to the Mississippi Power & Light Company for valuable consideration, and it became the successor and owner of the franchise and all property, rights, and duties assumed by Grossman to operate and maintain these public service utilities within the city of Jackson; that by virtue of this purchase and assignment it be-

came the duty of the defendant to maintain and operate the street car line on South State and Rankin streets; that some months ago the city counsel of Jackson granted to the Alabama & Vicksburg Railroad Company permission to cross South State street at grade, and attempted to grant to defendant, Mississippi Power & Light Company, the right to discontinue its street car service during the construction of this work by the railroad company, and until such time as the city counsel might request the replacement of the street car service; that said railroad company has long since completed its crossing, and the defendant knew this was completed, yet the defendant, though often requested by the plaintiff and other abutting property owners to replace the street car track and resume street car service along said streets, and tho ample time and opportunity to replace the track and resume the service had been had, willfully and obstinately refused and failed to restore the same.

It is further alleged that the ordinance undertaking to give the defendant the power to suspend this operation of street car service along said streets was *ultra vires* and void; that it was but an attempt on the part of the city counsel to modify and amend the franchise without a vote of the electorate, as provided by section 6033, Hemingway's Code; that the plaintiff is an abutting property owner on Rankin street, on which said street cars were formerly operated, but whose operation has been suspended or discontinued by the defendant; that on his property is a residence; and that he has a valuable right to have the street car service maintained on said street; that its discontinuance has deprived him of this right, and damaged and depreciated the market value of his property situated thereon approximately one-half of its former value. He further avers that it was and is the duty of the defendant to continue said operation; that it owes him the special duty to continue to operate this line, and that by virtue of its failure so to do he has been dam-

aged in the amount of two thousand five hundred dollars. Wherefore he brings suit for said amount.

This declaration was demurred to by the defendant on three grounds: (1) That plaintiff's declaration shows on its face that the discontinuance of the street car operation was authorized by an ordinance of the city.; (2) that the declaration attempts to allege a cause of action against defendant because of the discontinuance of street car service with damages accruing to an individual property owner (the plaintiff), and shows on its face that there is no privity of contract between the plaintiff and the defendant; and (3) that the declaration shows on its face that the defendant is not liable to the plaintiff on account of alleged damages to his property.

The demurrer was overruled. The defendant pleaded the general issue, and gave notice under the general issue that it would introduce testimony to prove that, on account of the erection of an embankment across South State street by the Alabama & Vicksburg Railway Company, and which said embankment was erected by order of the city of Jackson, through its counsel, it was necessary to discontinue the street car service on South State and Rankin streets; that the defendant would further show that said discontinuance of street car service was by order of the city counsel of Jackson, a copy of which order was appended to the notice as an exhibit; further, that the defendant would show that by the terms of said order said street car service was not to be resumed until the completion by the Alabama & Vicksburg Railway Company of the erection of its embankment and track across South State street and until said city counsel should order such service to be resumed; that said embankment and track had not been erected to completion; and that the city counsel had not ordered the defendant to resume street car service on said streets.

It will be noted from the statement that the declaration did not set forth the terms and conditions and provisions of the franchise granted Grossman and acquired

by the defendant, and did not make a copy thereof an exhibit to the declaration; neither was the franchise introduced in evidence by the plaintiff, or by any one, to show what the terms and conditions of the franchise were. The suit being one in tort, it would not be necessary to make the franchise an exhibit to the declaration, but we think the terms and conditions of the franchise were material and necessary so that the court would be advised as to the terms and conditions, rights and privileges carried by the said franchise. It not being in evidence, we are unable to see with any precision just exactly what rights were granted and what duties were imposed and what powers were reserved by the city in the way of control. The question as to whether the plaintiff as an abutting property owner has any rights enforceable in this kind of an action is not free from difficulty. It is highly important in determining the question that the court should be fully advised of the terms of this franchise. So far as we know it may have authorized the company to discontinue the operation of the street car service under certain conditions or at pleasure. We are unable to determine what its duties and obligations are, and we cannot take judicial notice of the city ordinances. Again, if the defendant is liable to the abutting property owners for damage, the authority which it gave to the defendant to suspend operation of the street car service on the streets named does not purport to be a complete abandonment, and the declaration does not show that the city was applied to to demand the resumption of the operations, and there is nothing to show that the city did permit the permanent abandonment of the street car operations on said streets. If the abandonment was not permanent, and was not authorized by the city to be permanent, manifestly the defendant could be required to resume operations by the city, and, if it did so, the plaintiff would not be entitled to permanent damages, but only, if liable at all, for damages for the inconvenience and loss incident thereto during the period of the discontinuance.

The case below was tried upon the theory that the plaintiff's measure of damage was the difference between the value of the property with the street car service and the value thereof with it permanently discontinued, which was, on the allegations and proof before us, an erroneous measure of damages. The judgment must, therefore, be reversed and the case remanded, and we reserve decision upon the questions as they may finally appear in the light of the franchise granted. When this information is presented, we will then be able to deal with the matter with more confidence and certainty.

*Reversed and remanded.*